Filed 6/21/24  P. v. Hesselberg CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098594 |
| v. | (Super. Ct. No. 21F2824) |
| SILAS MATTHEW HESSELBERG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Silas Matthew Hesselberg asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would

1

result in a disposition more favorable to defendant, we will affirm the judgment. Based on our review of the record, we will also direct the trial court to correct the abstract of judgment.

## I

One April morning, two families went fishing together at Shasta Lake. As they were preparing to leave, defendant, whom they did not know, approached them, called M.K. the N-word, and shot him. M.K. fell down a steep ravine.

T.B. tried to hit defendant with a rock, heard another shot, and found himself on his back, bleeding. Defendant shot T.B. more than once. The emergency room doctor testified T.B. had a life-threatening gunshot wound to his brain.

Defendant told another witness, T.K., that defendant had gone to the lake for water and the victims attacked him. T.K. called law enforcement and waited with defendant until they arrived.

When deputy sheriffs arrived at defendant's campsite, they searched suitcases in defendant's tent and found an upper and lower receiver for a short-barreled AR-15 style rifle, along with other firearm components, magazines, a disassembled rifle, two silencers, a threaded pistol barrel, and ammunition. A flag with a swastika was also found in defendant's tent. Officers found a nine-millimeter semiautomatic pistol at the scene, a live round of ammunition, and a magazine with three live rounds in it.

Defendant spoke to the deputies after he was arrested. He said when he went to get some water, he saw a "black dude" and a "white dude" with women and children. Defendant said he started the conversation by calling the "black dude a [n-word]." Defendant did not know him. According to defendant, the man responded by throwing a rock at him. Defendant shot in his direction He saw the man fall down a ravine.

2

A second man came up behind defendant with a rock, so defendant shot that man in the stomach. The second man tried to throw another rock at defendant. Defendant dodged that rock, and while the man went to pick up a third rock, defendant shot him again.

The parties stipulated defendant had been served with a civil harassment restraining order that barred him from owning, possessing, or receiving a firearm or ammunition at the time of the crimes.

The jury found defendant not guilty on two counts of attempted murder (counts 1 and 2), but guilty of the lesser included crimes of attempted voluntary manslaughter. (Pen. Code, §§ 664/187, 664/192.)[1] The jury also found defendant guilty of assault with a semiautomatic firearm (count 3), unlawful possession of a silencer (count 7), unlawful possession of ammunition (count 8), and unlawful possession of a firearm (count 9). (§§ 245, subd. (b), 33410, 30305, subd. (a)(1), 29825, subd. (b).) The jury could not reach a verdict on two counts of child endangerment (counts 4 and 5), which were dismissed. (§ 273a, subd. (b).) The jury also found true various aggravating factors.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] As to counts 1 and 3, the jury found true allegations that the crime was a hate crime, that defendant personally discharged a firearm, and that he inflicted great bodily injury. (§§ 422.75, subd. (a), 12022.5, subd. (a), 12022.7, subd. (a).) The jury also found true that the victim was particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3)). As to count 2, the jury found true allegations that defendant personally discharged a firearm and inflicted great bodily injury. (§§ 12022.5, subd. (a), 12022.7, subd. (b).) As to counts 1, 2, and 3, the jury found true that the crime involved violence, great bodily harm, or acts disclosing a high degree of cruelty, viciousness or callousness; that defendant was armed with a weapon; and that defendant's conduct demonstrated he posed a serious danger to society. (Cal. Rules of Court, rule 4.421(a)(1), (2), (b)(1).) As to counts 7 and 8, the jury found true allegations that defendant's conduct demonstrated he posed a serious danger to society. (Cal. Rules of Court, rule 4.421(b)(1).)

The trial court sentenced defendant to 20 years four months in prison. It found there was no indication defendant's youth contributed to the crimes, and that a low term sentence would be contrary to the interests of justice because defendant's young age and lack of a prior record were outweighed by the many aggravating factors found true by the jury. It also declined to exercise its discretion in defendant's favor under section 1385. The trial court imposed various fines and fees and, among other things, ordered restitution in the amount of $25,498.47 be paid to the California Victim Compensation Board.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

But we have identified two errors in the abstract of judgment that must be corrected. As to count 7, the abstract should reference section 33410 rather than section 33140. Further, the restitution ordered to the California Victim Compensation Board was $25,498.47, not $24,498.47. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls" and the appellate court may direct the trial court to correct the abstract. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment referencing, as to count 7, section 33410 rather than section 33140,

4

and indicating that the restitution ordered to the California Victim Compensation Board was $25,498.47, not $24,498.47.  The trial court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                            _____/S/_____
                                                            MAURO, J.


We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.